IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | ) | |
|---|---|---|
| MARISSA PETERS, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil No. 1:16-cv-00096-CMH-MSN |
| | ) | |
| SALON XHILARATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### REPORT & RECOMMENDATIONS

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Dkt. No. 7). Having reviewed the record, the undersigned recommends denying the Motion and dismissing Plaintiffs' Complaint without prejudice for the reasons that follow.

**I.  Background**

Plaintiffs Marissa Peters, Ana Alcantra, Julia Cross, Tara Sease, and Allison Phillips are hair stylists formerly employed by Defendant Salon Xhilaration. Comp. (Dkt. No. 1) ¶ 4. By oral agreement, Defendant paid Plaintiffs solely through commissions on Plaintiffs' service revenues and product sales. *Id*. ¶ 5. In this manner, Plaintiffs received a percentage of the income they generated for Defendant. *Id*. ¶ 6.

Plaintiffs contend that beginning in 2012, Defendant began to pay Plaintiffs commissions at rates lower than the rates upon which the parties had agreed. *Id*. ¶ 7. When Plaintiffs brought the issue to the attention of Katherine Chandler McCabe—one of Defendant's owners—she allegedly admitted that Defendant had failed to pay Plaintiffs all amounts due to them. *Id*. ¶ 10. Rather than address the problem, however, Defendant attempted to renegotiate the terms of Plaintiffs' employment and thereafter continued to pay Plaintiffs less than what they were owed.

*Id*. ¶¶ 11-12. Plaintiffs claim that "Plaintiffs each worked more than forty hours per week for the pay periods at issue." *Id*. ¶ 13.

On January 29, 2016, Plaintiffs filed suit against Defendant alleging violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a) (FLSA), and bringing pendant state law claims for breach of contract and *quantum meruit*. Defendant failed to answer or otherwise respond, and on March 14, 2016, the Clerk of the Court entered Defendant's Default. *See* Entry of Default (Dkt. No. 6). Plaintiffs filed the instant Motion for Default Judgment with respect to their state law claims on May 16, 2016. Defendant did not appear at the June 3, 2016 hearing held on the Motion, and the undersigned took the matter under advisement.

On June 7, 2016, the Court ordered Plaintiffs to show cause as to why their Motion should not be denied. *See* Order (Dkt. No. 10). Plaintiffs responded with a Supplemental Brief (Dkt. No 11) on June 17, 2016.

## II.     Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to

default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F.Supp.2d 497, 505 (E.D.Va.2009)).

### III. Analysis

Plaintiffs' Complaint omits important facts. It does not state how much Plaintiffs were paid during the period at issue, or how much they should have been paid. It does not include any information regarding Plaintiffs' work-related duties or Defendant's business. It does not set forth Plaintiffs' damages or any means of calculating them. It omits the number of hours Plaintiffs worked, how their work schedules were determined, and what policies—if any—Defendant had in place regarding overtime. Indeed, the Complaint's only allegation regarding Plaintiffs' work schedules—that "Plaintiffs each worked more than forty hours per week for the pay periods at issue," Compl. (Dkt. No. 1) ¶ 13—is contradicted by affidavits submitted in support of Plaintiffs' Motion, which state that Plaintiffs each worked *fewer* than forty hours per week. *See* Decls. (Dkt. Nos. 7-1, 7-2, 7-3, 7-4).[1]

These deficiencies prevent the undersigned from recommending that the Court grant Plaintiffs' Motion. First, apart from the merits of their claims, Plaintiffs have failed to establish their damages. "In considering the scope of Rule 54(c), the U.S. Court of Appeals for the Fourth Circuit has held that in default cases, there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat. Pension Fund v. Frank Torrone & Sons, Inc.*, No. CIV.A. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also id.* (citing cases); *Glaser v. Hagen*, No. 114-cv-1726-LMB-IDD, 2016 WL 521454, at *2 n.1 (E.D. Va. Feb. 5, 2016). While Plaintiffs' Motion

---

[1] In response to a show cause order, Plaintiffs clarified that each occasionally worked more than forty hours per week, although Plaintiffs do not say when or how often. *See* Supplemental Br. (Dkt. No. 11).

3

seeks $76,480.00 in damages, Plaintiffs' Complaint includes no specific monetary amount. Moreover, neither Plaintiffs' Complaint nor any of Plaintiffs' other filings set forth an adequate basis for the Court to ascertain Plaintiffs' damages. Plaintiffs' Declarations (Dkt. Nos. 7-1, 7-2, 7-3, 7-4) provide only rough estimates of the amounts owed them by Defendant, with no detail that would permit the Court to understand how Plaintiffs arrived at those figures. In light of the above, Default Judgment cannot be entered on the present record. *See, e.g.*, *Topp v. Lone Tree Athletic Club, Inc.*, No. 13-CV-01645-WYD-KLM, 2014 WL 3509201, at *9 (D. Colo. July 15, 2014) ("Even if the Court were to find that Plaintiff's Complaint properly asserted Defendant's FLSA liability, which it does not, the Court would still recommend that the Motion be denied because Plaintiff has failed to establish his damages. On a motion for default judgment, a court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded."); *Day An Zhang v. L.G. Apparel Inc.*, No. 09-CV-3240 KAM, 2011 WL 900183, at *4 (E.D.N.Y. Feb. 18, 2011), *report and recommendation adopted*, No. 09-CV-3240 KAM SMG, 2011 WL 900950 (E.D.N.Y. Mar. 15, 2011) ("Even if I found that plaintiff's complaint established defendants' FLSA liability, I would still recommend that her motion be denied because she has failed to establish her damages. On a motion for default judgment, a court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded.").

Were default judgment otherwise warranted, this issue might be addressed by holding an evidentiary hearing or requiring the submission of supplemental affidavits. The undersigned finds, however, that default judgment is not otherwise warranted. It does not appear on the present record that the Court can or should exercise jurisdiction over the state law claims upon which Plaintiffs' Motion rests.

Plaintiffs' Motion seeks default judgment against Defendant only as to Plaintiffs' state law breach of contract and *quantum meruit* claims, to the exclusion of Plaintiffs' FLSA claim. *See* Mot. for Default J. (Dkt. No. 7) at 3-4. Nevertheless, it is appropriate to scrutinize Plaintiffs' FLSA claim, as that is the sole basis Plaintiffs identify for the Court's subject matter jurisdiction over this case. *See* Compl. ¶ 3. "A federal court has an independent obligation to assess its subject-matter jurisdiction" and "must determine that it has subject-matter jurisdiction . . . before it can pass on the merits of [a] case." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479-80 (4th Cir. 2005); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("subject-matter delineations must be policed by the courts on their own initiative"). A facially deficient and wholly insubstantial federal claim cannot serve as the basis for the Court's exercise of supplemental jurisdiction over state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). Moreover, Courts will refuse to enter default judgment with respect to pendant state law claims where federal jurisdiction is premised on a deficient FLSA claim, even if the FLSA claim is not wholly insubstantial. *See, e.g.*, *Topp*, 2014 WL 3509201, at *1; *Fernandez v. Main Glatt Corp.*, No. CV 12-986 SJ VVP, 2014 WL 1310287, at *4 (E.D.N.Y. Mar. 14, 2014), *report and recommendation adopted sub nom. Hernandez v. Main Glatt Corp.*, No. 12 CV 986 SJ VVP, 2014 WL 1310291 (E.D.N.Y. Mar. 31, 2014).

Turning to the allegations of Plaintiffs' Complaint, it is clear that Plaintiffs have not pled a colorable claim under the FLSA. First, Plaintiffs do not allege facts tending to show that their employment fell within the ambit of the FLSA. "The FLSA extends coverage to employees by two means: (1) individually, if the employee is engaged in [interstate] commerce or the production of goods for [interstate] commerce, and (2) through their employer, if the employer is

an enterprise engaged in interstate commerce or the production of goods for commerce." *Briggs v. Chesapeake Volunteers in Youth Servs., Inc.*, 68 F. Supp. 2d 711, 714 (E.D. Va. 1999). Plaintiffs "bear the initial burden of proving that . . . the activities in question constitute employment for purposes of the Act." *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999). Notably, "Congress, by excluding from the Act's coverage employees whose activities merely 'affect commerce,' indicated its intent not to make the scope of the Act coextensive with its power to regulate commerce." *Mitchell v. Lublin, McGaughy & Associates*, 358 U.S. 207, 211 (1959).

Nothing in Plaintiffs' Complaint indicates that they individually engaged in interstate commerce as hair stylists. There is no reason to believe that Plaintiffs, as providers of a localized service, were so engaged. *See, e.g.*, *Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 525-26 (D. Md. 2006) (waitress not engaged in interstate commerce); *Rains v. E. Coast Towing & Storage, LLC*, 820 F. Supp. 2d 743, 748 (E.D. Va. 2011) (tow truck driver not engaged in interstate commerce). Moreover, Plaintiffs do not allege facts tending to show that Defendant is an enterprise engaged in interstate commerce within the meaning of the FLSA—a showing requiring, among other things, that an employer's "annual gross volume of sales made or business done" total in value at least $500,000. *See* 29 U.S.C. § 203(s)(l)(A); *see also Sabili v. Chase Hotel Mgmt., LLC*, No. 6:10-CV-807-ORL, 2011 WL 940230, at *2-3 (M.D. Fla. Feb. 28, 2011), *report and recommendation adopted*, No. 6:10-CV-807-ORL, 2011 WL 940207 (M.D. Fla. Mar. 17, 2011) ("District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually."). The omission from Plaintiffs' Complaint of allegations regarding this threshold issue renders Plaintiffs' FLSA claim deficient on its face.

That is not the only the only such issue apparent on the face of Plaintiffs' Complaint. As mentioned above, Plaintiffs' Complaint does not offer an approximate number of hours Plaintiffs worked or when they did so. It does not specify how much they were paid, or what they should have been paid. It does not state what they did or at whose direction. Rather, Plaintiffs' Complaint states simply that "Plaintiffs each worked more than forty hours per week for the pay periods at issue," Compl. (Dkt. No. 1) ¶ 13. Yet even this is contradicted by affidavits appended to Plaintiffs' Motion, which state that Plaintiffs generally worked fewer than forty hours per week. *See* Decls. (Dkt. Nos. 7-1, 7-2, 7-3, 7-4). While Plaintiffs now claim that the hours discussed in their affidavits were merely averages, and there were at least some weeks they worked more than forty hours, *see* Supplemental Br. (Dkt. No. 11), this remains inconsistent with Plaintiffs' original contention. Given this inconsistency, as well as the scant detail in Plaintiffs' Complaint, Plaintiffs have not set forth facts permitting the Court to determine "as a matter of just and reasonable inference" that they "worked overtime hours without compensation" and the "amount and extent of [their] overtime work." *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986); *see also Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 89 (2d Cir. 2013) (plaintiff's bare assertion he worked in excess of forty hours a week without adequate compensation did not allege "particular facts sufficient to raise a plausible inference of an FLSA overtime violation").

The absence of allegations tending to show that Defendant knew or should have known of Plaintiffs' alleged overtime presents another serious shortcoming, as "employer knowledge, either actual or constructive, of uncompensated overtime work is required to prove a claim under" the FLSA. *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir. 1988). Plaintiffs' Complaint does not explain how Plaintiffs' work was scheduled, tracked, or reported. And while

Plaintiffs apparently brought the issue of unpaid commissions to Defendant's attention, there is no similar allegation with respect to Plaintiffs' allegedly underpaid overtime.

Plaintiffs blame this lack of detail on their inability to access Defendant's employment records. *See* Supplemental Br. (Dkt. No. 11) at 2. While it is true that discovery is likely necessary to ascertain some of the missing information with total accuracy, that does not excuse Plaintiffs from pleading facts sufficient to state a plausible claim based on their own recollections and records, even if they are only able to offer approximations. Indeed, a specific account of one Plaintiff's pay period in the Complaint indicates that Plaintiffs are more able to provide the Court with the facts underpinning their FLSA claim than their Complaint would otherwise suggest. *See* Compl. ¶ 8.

It is worth noting, however, that even had Plaintiffs pled their claim more artfully, Plaintiffs' Complaint indicates they still would not be entitled to overtime payments. Section 207(i) of the FLSA exempts from the FLSA's overtime provisions employees who (1) work in a retail or service establishment, (2) earn more than half of their wages from commissions on goods or services, and (3) enjoy a rate of pay not less than than one-and-a-half times the applicable minimum wage. *See* 29 U.S.C. § 207(i); *see also Schwind v. EW & Associates, Inc.*, 371 F. Supp. 2d 560, 566 (S.D.N.Y. 2005). Defendant almost certainly qualifies as a service establishment; indeed, a federal regulation interpreting that term lists "barber shops" as an illustrative example. 29 C.F.R. § 779.318(a). Moreover, Plaintiffs earned the entirety of their wages through commissions. *See* Compl. ¶ 5. Finally, Plaintiffs' Complaint indicates that Plaintiffs were paid at a rate greater than one-and-a-half times the minimum wage. Plaintiffs state that one of their number earned $1,264.95 during a two-week period. *See id*. ¶ 8. If she had been paid the equivalent of one-and-a-half times the minimum wage per hour, she would have

had to work nearly sixty hours per week to have earned that amount.[2] But that Plaintiff submitted a declaration to the Court stating that she generally worked approximately half that much per week. Decl. of Marissa Peters (Dkt. No. 7-1) ¶ 2. Assuming that Plaintiffs were all compensated at a comparable rate, it appears highly unlikely that they were paid less than what is mandated by 29 U.S.C. § 207(i).[3]

In sum, the federal claim upon which this Court's jurisdiction is premised appears deficient on its face. Under these circumstances, it would not be appropriate to enter judgment as to Plaintiffs' state law claims. Arguably, the facial deficiency of Plaintiffs' FLSA claim deprives this Court of subject matter jurisdiction over this matter entirely. *See Holloway*, 669 F.3d at 452 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). Regardless, "if . . . federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, [pendant] state claims should be dismissed as well." *United Mine Workers of Am.*, 383 U.S. at 726; *see also Topp*, 2014 WL 3509201, at *1 (finding an FLSA claim alleged in a default judgment motion to be facially deficient, dismissing it, and declining to exercise supplemental jurisdiction over pendant state claims); *Fernandez*, 2014 WL 1310287, at *4 (same).

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Before the Court can pass upon the merits of Plaintiffs' state law claims,

---

[2] The applicable minimum wage is $7.25, and one-and-a-half times that amount is $10.88. Assuming an hourly rate of $10.88, one would have to work 116.26 hours in two weeks, or 58.13 hours per week, to earn $1,264.95 during that period.

[3] Although the defendant bears the burden of asserting an FLSA exemption such as 29 U.S.C. § 207(i), the inquiry with respect to whether default judgment is warranted is open ended and takes account of all pertinent factors. *See ReadyCap Lending, LLC*, 2016 WL 1714877, at *2. Courts may therefore properly consider obvious affirmative defenses in evaluating whether entry of default judgment is appropriate. *See, e.g.*, *McDaniel v. Nationwide*, 85 B.R. 69, 71-72 (Bankr. N.D. Ill. 1988); *see also Glaser v. Hagen*, No. 1:14-cv-01726-LMB-IDD, 2015 WL 10012993, at *2 (E.D. Va. Oct. 29, 2015), *report and recommendation adopted in relevant part*, No. 1:14-cv-1726-LMB-IDD, 2016 WL 521454 (E.D. Va. Feb. 5, 2016) (taking account of the Court's apparent of lack of personal jurisdiction, which must usually be raised as an affirmative defense, in declining to enter default judgment in an FLSA case).

Plaintiffs must plead a colorable federal claim. In light of Plaintiffs' failure to do so, the undersigned recommends denying Plaintiffs' Motion and dismissing their Complaint without prejudice.

### IV.     Recommendation

For the foregoing reasons, the undersigned recommends:

1) DENYING Plaintiffs' Motion for Default Judgment (Dkt. No. 7); and

2) DISMISSING Plaintiffs' Complaint without prejudice.

### V.     Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

July 26, 2016
Alexandria, Virginia